UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALASKA FOREST ASSOCIATION, et al.,

    Plaintiffs,

    v.

THOMAS VILSACK, Secretary of the U.S.
Department of Agriculture, et al.,

    Defendants.

Civil Action No. 08-01951 (JDB)

MEMORANDUM OPINION

Plaintiffs Alaska Forest Association ("AFA") and Southern Southeast Alaska Building Industries Association ("Building Association") bring this action against Secretary of Agriculture Thomas Vilsack and other employees of the United States Department of Agriculture ("USDA") and the United States Forest Service ("USFS") acting in their official capacities. Plaintiffs seek injunctive relief from a 2008 USFS Forest Plan amendment that reduced the amount of commercial forestland in the Tongass National Forest in Alaska. Plaintiffs claim that the procedures used and the substantive decisions made in approving the amended Forest Plan violated the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370h. Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), plaintiffs seek declaratory relief vacating the Forest Plan amendment and requiring the USFS and USDA to amend the Forest Plan in a manner that complies with federal law. Now before the Court is [29] defendants' motion to dismiss plaintiffs' claims. For the reasons explained below, defendants' motion will be granted.

I. Background

The Tongass National Forest encompasses about 17 million acres and is the largest national forest in the United States. Am. Compl. ¶ 11. In 1980, Congress passed the Alaska National Interest Lands Conservation Act ("ANILCA"), which directed the USFS to "'maintain the timber supply from the Tongass National Forest'" at a rate set by statute. Am. Compl. ¶ 14 (quoting 16 U.S.C. § 539d (1988)). In 1990, Congress enacted the Tongass Timber Reform Act ("TTRA"), which directs the Secretary of Agriculture, "'to the extent consistent with providing for the multiple use and sustained yield of all renewable forest resources . . . to provide a supply of timber from the Tongass National Forest'" that meets both the annual market demand and the market demand for "each planning cycle" for timber. Am. Compl. ¶ 15 (quoting 16 U.S.C. § 539d(a)).

The NFMA directs the USFS to revise and update its land-use plans for each of the national forests "at least every fifteen years." 16 U.S.C. § 1604(f)(5). In 2008, pursuant to the NFMA, the USFS prepared a record of decision (the "Tongass Decision") for an amendment to the Tongass National Forest Plan. Am. Compl. ¶ 18. The Tongass Decision amended the Forest Plan and reduced the amount of land available for commercial foresting from 2.4 million acres to 676,000 acres. Id. ¶¶ 16-20. The Tongass Decision also adopted an adaptive strategy for managing lands for timber sale that plaintiffs claim reduces the acreage capable of supporting financially feasible timber sales to approximately 103,000 acres. Id. ¶ 23.

The USFS's action drew two court challenges. On September 17, 2008, the Southeast Conference and several other Alaskan cities and municipal organizations ("Southeast Conference") filed suit against the Secretary of Agriculture and other USDA and USFS defendants acting in their official capacities. Compl. ¶ 1, Se. Conference v. Vilsack, 684 F. Supp. 2d 135 (D.D.C. 2010) (No. 08-1598) ("Se. Compl."). The plaintiffs in that case claimed

that the Tongass Decision substantively violated the TTRA, ANICLA, NFMA, and NEPA, and requested injunctive relief reversing the challenged Decision. Id. ¶¶ 1, 46-55, I-VII.  By the time the Southeast Conference's case advanced to the summary judgment stage, the plaintiffs there had abandoned their claim that the Decision violated NEPA and focused their summary judgment motion on their NFMA, TTRA and ANICLA claims.  See Se. Conference, 684 F. Supp. 2d at 138-39 (listing the NFMA, TTRA, and ANICLA as the three statutes at issue in considering the parties' cross-motions for summary judgment).

A little under two months after Southeast Conference initiated their lawsuit, the plaintiffs in the present case filed their complaint, alleging that the USFS decision resulted in substantive and procedural violations of the NFMA, NEPA, and TTRA. Compl. ¶¶ 25-45.  Recognizing the related issues in the two cases, the parties in a joint statement agreed that either staying the present case or consolidating it with Southeast Conference would be appropriate, and proposed a stay of this case on April 3, 2009.  Joint Meet & Confer Statement & Request for Extension of Time to Submit Proposed Scheduling Order [Docket Entry 7] at 2-3.  Because Southeast Conference was pending before this Court, the present case was reassigned to the undersigned judge as a related matter under Local Rule 40.5.  This Court granted the requested stay on June 16.

While the present case was stayed pending the outcome in Southeast Conference, the defendants there questioned Southeast Conference's standing in that case.  Mem. in Reply to Defs.' Opp'n to Pls.' Mot. for Partial Summ. J. & Pls.' Opp'n to Defs.' Mot. for Summ. J. at 1, Se. Conference v. Vilsack, 684 F. Supp. 2d 135 (D.D.C. 2010) (No. 08-1598) ("Se. Pls.' Mem.").  Southeast Conference replied in June 2009 and included an affidavit, signed by the president of AFA, stating that the AFA was a member of their organization.  Id. at 5.  Southeast Conference

argued that the AFA had suffered concrete, redressable harm as a result of the Tongass Decision. Id.  This Court granted defendants' motion for summary judgment on February 17, 2010.  Se. Conference, 684 F. Supp. 2d at 149.  That decision addressed the merits of Southeast Conference's APA challenges to the Tongass Decision under the NFMA, TTRA, and ANICLA, implying that Southeast Conference did have standing to bring the case without reaching the issue.

Following this Court's decision in Southeast Conference, the plaintiffs in the present case filed a status report on March 29, 2010, indicating their desire to file an amended complaint and "to resolve any preclusive effect concerns with federal defendants prior to filing an amended pleading."  Pls.' Status Report [Docket Entry 17] at 2.  During the same period, defendants' counsel communicated to plaintiffs' counsel that he was "considering, and in the process of researching, the potential preclusive effect of the Court's judgment in Southeast Conference on this case."  Defs' Reply in Support of Mot. to Dismiss ("Defs.' Reply") [Docket Entry 33], Ex. 9 ¶ 5.  Defendants' counsel mentioned that he "wanted to review the case law regarding the definition of a 'claim' for the purposes of preclusion" on April 17, 2010.  Id. ¶ 7.

Plaintiffs then amended their complaint.  The Amended Complaint [Docket Entry 24] claims that the USFS and USDA, by promulgating the Tongass Decision and related land management strategy, committed substantive violations of the NFMA and procedural violations of the NFMA and NEPA.  Am. Compl. ¶¶ 26-38.  Defendants subsequently moved to dismiss all of plaintiffs' claims.

II.  Standard of Review

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should

be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cnty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  Hence, the factual allegations must be presumed true, and plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court -- plaintiff here -- bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). "'[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).  Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court is mindful that the Federal Rules of Civil Procedure require only that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); Atherton v. Dist. of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 679-80.

III.  Discussion

Defendants contend that plaintiff AFA is barred from challenging the Tongass Decision under the doctrine of res judicata.  Federal Defs.' Stmt. of Points & Auth. in Supp. of Mot. to Dismiss ("Defs.' Mot.") at 12.  Defendants also argue that plaintiff Building Association does not have standing to challenge the government's Tongass Decision.  Id. at 20.  Plaintiffs respond

that AFA's claims are not barred by res judicata, and argue in the alternative that defendants

waived their res judicata defense by allowing the Southeast Conference case to proceed to final

disposition before raising the defense in the present case.

A.  Res Judicata

Res judicata bars relitigation of claims and issues that were or could have been litigated

in a prior action.  See Taylor v. Sturgell, 553 U.S. 880, 892 (2008) ("A final judgment forecloses

'successive litigation of the very same claim, whether or not relitigation of the same claim raises

the same issues as the earlier suit.'" (quoting New Hampshire v. Maine, 532 U.S. 742, 748

(2001))).  "A subsequent lawsuit is barred by [res judicata] 'if there has been prior litigation (1)

involving the same claims or cause of action, (2) between the same parties or their privies, and

(3) there has been a final, valid judgment on the merits, (4) by a court of competent

jurisdiction.'"  NRDC v. EPA, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting Smalls v. United

States, 471 F.3d 186, 192 (D.C. Cir. 2006)).

1.  AFA's Representation by Southeast Conference

Res judicata bars the parties or their privies from relitigating the same claims in multiple

suits.  NRDC v. EPA, 513 F.3d at 260.  Defendants claim that because AFA is a member of

Southeast Conference and because Southeast Conference specifically relied on AFA's

membership in arguing that it had standing to challenge the Tongass Decision, the Southeast

Conference ruling bars AFA from litigating its claims.

In general, "[a] person who is not a party to an action but who is represented by a party is

bound by and entitled to the benefits of a judgment as though he were a party."  Restatement

(Second) of Judgments § 41 (1982); accord Democratic Cent. Comm. of Dist. of Columbia v.

Washington Metro Area Transit Comm'n, 842 F.2d 402, 409 (D.C. Cir. 1988).  Plaintiffs resist

the applicability of this rule, arguing that the <u>Southeast Conference</u> plaintiffs did not

"underst[an]d themselves to be acting as AFA's representative in connection with AFA's

challenge."  Pls.' Opp'n at 10 n.4.  Plaintiffs' argument is dubious on these facts.  AFA

submitted an affidavit supporting Southeast Conference's standing argument, <u>see</u> Pls.' Mem. at 5,

which should have alerted the <u>Southeast Conference</u> plaintiffs that they were representing AFA.

Even if this were not so, the <u>representative's</u> lack of subjective understanding about the

representation is not a recognized exception to the rule that one who is represented by another

party is bound by a judgment that also binds that party.  <u>See</u> Restatement (Second) of Judgments

§ 42 (1982).  Nor does AFA meet any of the other recognized exceptions to that rule.  AFA was

aware that Southeast Conference was bringing its suit, <u>see</u> <u>id.</u> § 42(a), and, by submitting its

affidavit, stated that Southeast Conference's claims were in its interest, <u>see</u> <u>id.</u> § 42(b), (d).  AFA

has not shown that Southeast Conference was divested of representational authority at any point

during litigation, <u>see</u> <u>id.</u> § 42(c), or that Southeast Conference failed to diligently prosecute its

claims in the <u>Southeast Conference</u> action, <u>see</u> <u>id.</u> § 42(e).  This Court therefore agrees that

<u>Southeast Conference</u> involved "the same parties or their privies" as the present case for the

purposes of <u>res judicata</u>.

2.  <u>Same Cause of Action</u>

        Defendants argue that AFA is barred from challenging the Tongass Decision under the

doctrine of <u>res judicata</u> because the present case involves claims that were or could have been

litigated in the <u>Southeast Conference</u> case challenging the same decision.  Defs.' Mot. at 12.

"Whether two cases implicate the same cause of action turns on whether they share the same

nucleus of facts."  <u>Apotex, Inc. v. FDA</u>, 291 F.3d 59, 66 (D.C. Cir. 2002) (internal citation and

quotation omitted).  "In pursuing this inquiry, the court will consider whether the facts are

related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. (internal citation and quotation omitted). "Res judicata has recently been taken to bar claims arising from the same cause of action, even if brought under different statutes." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481 n.22 (1982) (citing Nash Cnty. Bd. of Educ. v. Biltmore Co., 620 F.2d 484, 488 (4th Cir. 1980) (res judicata applies where "[i]n both cases, the evidence will be identical and the damages recoverable and the relief available the same")).

Plaintiffs contend that AFA's claims are distinct from the claims Southeast Conference advanced in its case. Pls.' Opp'n to Defs.' Mot. to Dismiss [Docket Entry 31] at 10 n.4; Tr. of Mot. Hr'g ("Hr'g Tr.") at 21-28. They note that Southeast Conference involved substantive challenges to the Tongass Decision under the NFMA, TTRA and ANICLA, while the present case challenges the procedures used in making the Tongass Decision under the NFMA and NEPA, and makes a different substantive NFMA claim. Hr'g Tr. at 21-23. Plaintiffs argue that even though both suits challenge the Tongass Decision, evaluation of the claims in each suit involves different facts within the administrative record. Id. (relying on Albert v. Chesapeake Bk. & Trust (In re Linton Props.), 410 B.R. 1, 12 (Bankr. D.D.C. 2009)).

The Court disagrees. In both Southeast Conference and this case, the core claim is that the Tongass Decision is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law. Compare Am. Compl. ¶¶ 29, 34, 38 with Se. Compl. ¶¶ 51, 55. Both complaints allege procedural failures by the Forest Service in adopting a method to determine the suitable land base for timber production in Tongass National Forest. Compare Am. Compl. ¶¶ 34, 36, 37 with Se. Compl. ¶¶ 47, 53.

Although plaintiffs are correct that the claims in this case involve challenges to different substantive and procedural requirements than those challenged in Southeast Conference, defining a cause of action for res judicata purposes turns on defining the claims that "might and should have been advanced in the first litigation."  See 18 Charles Alan Wright et al., Federal Practice and Procedure § 4406 (2d ed. 2002).  Here, plaintiffs clearly "might" have pursued the claimed violations of NFMA and NEPA in the original suit.  Indeed, the initial complaint in Southeast Conference claimed violations of the NFMA and NEPA, see Se. Compl. at 18 ("First Claim for Relief (TTRA, NFMA, and NEPA)"), but the Southeast Conference plaintiffs chose to abandon the NFMA and NEPA claims at the summary judgment stage.  For res judicata purposes, the claims "should" have been brought together.  The NFMA and NEPA claims in the present case turn on the same facts as the claims in Southeast Conference; both sets of claims require analysis of whether the USFS improperly elevated environmental concerns over the concerns of the timber industry, compare Am. Compl. ¶ 28 with Se. Compl. ¶¶ 48-49, and whether the USFS followed proper procedure in adopting its land management strategy for the Tongass National Forest, compare Am. Compl. ¶¶ 33, 37 with Se. Compl. ¶ 53.

Plaintiffs argue that the two sets of claims rely on different facts in the administrative record, and cite a single bankruptcy court case to support their argument that res judicata therefore does not apply. Hr'g Tr. at  21-23 (citing Albert, 410 B.R. at 12). In Albert, the court held that res judicata did not apply when a bankruptcy trustee filed a complaint to seek avoidance of a garnishment because it was executed within ninety days of a bankruptcy petition, lost the case, and then moved to avoid the same garnishment under state law due to improper service of process.  Albert, 410 B.R. at 4.  The court found that even though both causes of action relied on the writ of garnishment, they were brought under different statutes and related to different facts

within the writ (the date and person the writ was served on, respectively), so <u>res judicata</u> did not

apply. <u>Id.</u> at 12.  To the limited extent that <u>Albert</u> is persuasive authority, it is distinguishable;

the trustee there brought distinct claims under state and federal law, whereas all plaintiffs here

rely on a single cause of action, the APA.  Moreover, simultaneous procedural and substantive

challenges to a single agency action are common practice when litigating claims under the APA,

<u>see, e.g.</u>, Se. Compl. (bringing procedural and substantive challenges to the Tongass Decision

under the APA); Am. Compl. (same).  Bringing all claims together therefore would form a

"convenient trial unit" and conform to the parties' expectations about how APA claims are

litigated.

      This Court therefore finds that the claims in the present case share the same "nucleus of

facts" as the claims in <u>Southeast Conference</u>, <u>see</u> <u>Apotex, Inc.</u>, 291 F.3d at 66, and relate to the

same challenged action.  Hence, <u>res judicata</u> applies to bar this challenge to the Tongass

Decision.

3.  <u>Waiver of Res Judicata Defense</u>

      Plaintiffs assert that even if their claims are barred by <u>res judicata</u>, defendants waived

their opportunity to present a <u>res judicata</u> defense in the present action when they failed to raise it

before <u>Southeast Conference</u> was decided on the merits.  Pls.' Opp'n at 9-15.  By not raising the

defense, plaintiffs argue, defendants implicitly consented to allow plaintiffs to split their claims

between <u>Southeast Conference</u> and this case.  <u>Id.</u> at 9-10; <u>see also</u> Second Restatement of

Judgments § 26(1)(a) (1982) ("[T]he general rule [extinguishing split claims] does not apply . . .

[when t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the

defendant has acquiesced therein."); <u>id.</u> § 26 cmt. a ("Where the plaintiff is simultaneously

maintaining separate actions based upon parts of the same claim, . . . [t]he failure of the

defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.").

Defendants respond that they first became aware that AFA was adequately represented in Southeast Conference (and thus barred from pursuing the claims in this case) when AFA submitted its affidavit supporting the Southeast Conference plaintiffs' standing in that case in June 2009. Defs.' Reply at 6-8; see also Se. Pls.' Mem. at 5. Because the present case was stayed in June 2009, defendants argue, they did not need to pursue their res judicata defense in this case until proceedings resumed. Defendants explain that after Southeast Conference was decided in February 2010, they communicated their intent to raise a res judicata defense to plaintiffs in March and April 2010. Defs.' Reply at 16-19. Therefore, defendants argue, their actions were sufficiently timely to avoid waiver of their res judicata defense.

Neither party has supported its position with case law that addresses the unique facts before this Court. Plaintiffs cite to several cases for the proposition that if a defendant explicitly states his desire for split claims or acquiesces through silence to splitting claims across multiple suits, then the defendant is barred from later advancing a res judicata defense. See, e.g., Rotec Indus., Inc. v. Mitsubishi Corp., 348 F.3d 1116, 1119 (9th Cir. 2003) (holding res judicata defense waived when defendants were aware of two simultaneous proceedings and allowed the first to proceed to final judgment favoring defendants before advancing defense). Defendants contend that these precedents do not apply because they were not aware they could pursue a res judicata defense until AFA became actively involved in Southeast Conference by supporting plaintiffs' organizational standing in that case, and that they had no duty to advance their defense here while this case was stayed. Defs.' Reply at 6-8.

The D.C. Circuit and other federal court decisions provide little guidance for resolution of this issue. There is one state court decision analogous to this case, <u>Lighthouse Landings, Inc. v. Conn. Light & Power Co.</u>, 15 A.3d 601 (Conn. 2011). There, plaintiff sued for improper termination of its commercial lease, and defendant separately sued plaintiff for a declaratory judgment that the lease had been properly terminated. <u>Id.</u> at 606-08. The court in the declaratory judgment action ruled in favor of plaintiff and reinstated the lease. <u>Id.</u> at 609. Plaintiff continued to pursue his original action for damages, and the Connecticut Supreme Court ruled that plaintiff's claims were barred by <u>res judicata</u>. <u>Id.</u> at 615. In so doing, the court noted that a declaratory judgment action ordinarily has no preclusive effect on a separate pending damages action and that the preclusive effect of a first judgment can be avoided by prejudgment agreement of the parties. <u>Id.</u> at 619. But because the plaintiff altered the declaratory judgment action by requesting equitable and monetary relief in that action "more than six weeks <u>after the court stayed the civil [damages] action</u>," the claims were not properly split between the two cases and the declaratory judgment action had preclusive effect on plaintiff's original action. <u>Id.</u> (emphasis added).

The circumstances of the present case are similar to those in <u>Lighthouse Landings</u>. In that case, a party took actions that established the preclusive effect of one case while another case was stayed. Plaintiffs, by submitting the AFA affidavit in <u>Southeast Conference</u> while the present case was stayed, created a situation where defendants became aware that they could advance a <u>res judicata</u> defense against AFA in this action. Defendants timely pursued their defense as soon as the stay was lifted and proceedings resumed in this case. There was no agreement, express or implied, by defendants to allow AFA to split its claims between <u>Southeast Conference</u> and the present case. Therefore, there is no justification for estopping defendants

from advancing their <u>res judicata</u> defense.  AFA had the opportunity to litigate its claims in the

<u>Southeast Conference</u> case, either by virtue of organizational representation by Southeast

Conference or by consolidating the present case with that case.  Absent any agreement on

splitting claims, AFA does not get a second opportunity to bring claims that should have been

brought earlier.

* * * * *

Defendants have shown that all elements of their <u>res judicata</u> defense are met:  AFA was

properly represented by Southeast Conference in the <u>Southeast Conference</u> case; AFA might and

should have brought the claims in the present case in the earlier case because the two sets of

claims relate to the same "nucleus of facts"; and this Court issued a final decision on the merits

in <u>Southeast Conference</u> that precluded future litigation on the same claims. Plaintiffs'

contention that defendants waived their <u>res judicata</u> defense is unavailing; they first received

sufficient notice that AFA was adequately represented by Southeast Conference for <u>res judicata</u>

purposes while this case was stayed and then timely raised their defense after proceedings

resumed.  Hence, this Court finds that plaintiff AFA's claims are barred by <u>res judicata</u> and will

dismiss them from the suit.

B.  <u>Standing of Building Association</u>

Because AFA is barred from pursuing its claims under the doctrine of <u>res judicata</u>,

plaintiff Building Association is the only remaining plaintiff in this case.  Defendants argue, and

plaintiffs acknowledge, <u>see</u> Hr'g Tr. at 40-41, that Building Association, absent AFA's presence

as a plaintiff, does not have standing to challenge the Tongass Decision.  Defs.' Mot. at 19-20.

Building Association claims that its members use and enjoy the Tongass National Forest for

aesthetic and other recreational purposes, and claims that the Tongass Decision will cause injury

to those interests.  Am. Compl. ¶ 6.  But these interests are not germane to Building

Association's organizational purpose, which is to promote "the policies that make housing and

home ownership a priority in Alaska," id. ¶ 5, so Building Association cannot bring suit on

behalf of its members for this purpose.  See Hunt v. Wash. State Apple Adver. Comm'n, 432

U.S. 333, 343 (1977).  Because Building Association has not claimed that its members are

injured in a manner germane to its organizational purpose, it has no cognizable injury from the

Tongass Decision.  Accordingly, Building Association's claims must be dismissed.

IV.  Conclusion

      For the reasons explained above, the Court will grant defendants' motion to dismiss.  A

separate order will accompany this opinion.

                /s/
           JOHN D. BATES
    United States District Judge

Dated:  August 10, 2012